MEMORANDUM OPINION
{¶ 1} On June 5, 2008, appellant, David A. Wolf, pro se, filed a notice of appeal from a May 21, 2008 judgment issued by the Lake County Court of Common Pleas. In the judgment, the trial court ordered that appellant's "motion for assignment of counsel and the setting of a date for an evidentiary hearing filed May 15, 2008 is denied."
 {¶ 2} This case stems from appellant's pro se "Petition Challenging Attorney General's Sex Offender Classification Notice Dated for November 30, 2007," filed in the trial court on January 28, 2008. *Page 2 
 {¶ 3} R.C. 2505.02 defines a final appealable order as the following:
 {¶ 4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 6} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 10} "(5) An order determining that an action may or may not be maintained as a class action.
 {¶ 11} "(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly * * *;
 {¶ 12} "(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code."
 {¶ 13} Thus far, the trial court has not issued an order that falls under any of the foregoing categories. The court docket reflects that, to date, this matter has not been resolved in the trial court. Specifically, the court has not addressed the substance of *Page 3 
appellant's January 28, 2008 petition. The only event that has occurred appears to be the filing of appellant's motion for assignment of counsel and to set a date for an evidentiary hearing and the trial court's subsequent ruling denying the motion.
 {¶ 14} Presently, those issues before this court are interlocutory and are not final and appealable since the trial court has not made a dispositive ruling on appellant's petition. This appeal has been filed prematurely. The denial of appellant's request for an evidentiary hearing and for appointment of counsel can be timely appealed to this court after the trial court has decided the entire case.
 {¶ 15} Thus, the appeal is hereby, sua sponte, dismissed as premature.
 {¶ 16} Appeal dismissed.
 TIMOTHY P. CANNON, J., concurs, COLLEEN MARY O'TOOLE, J., dissents. *Page 1